FILED by \_\_SA\_\_ D.C.

Nov 2, 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA – W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**17-80204-CR-MARRA/MATTHEWMAN**

UNITED STATES OF AMERICA,   CRIMINAL INDICTMENT

v.   Criminal No.:

[1] AVI STERN;   Violation:  15 U.S.C. § 1
[2] STUART HANKIN; and
[3] CHRISTOPHER GRAEVE;

Defendants.

---

**THE GRAND JURY CHARGES:**

**BACKGROUND**

1. The United States experienced a severe financial crisis and recession beginning in 2008. One of the industries hit hardest by the recession was the housing industry. In the years after the recession began, millions of people became delinquent on their mortgage payments, and financial institutions were forced to foreclose on millions of their homes, including in the Southern District of Florida.

2. In the State of Florida, foreclosure proceedings are required to be adjudicated through the Florida state courts. The result of these judicial foreclosure proceedings is often a Final Judgment in favor of the foreclosing financial institution for the total amount of delinquent mortgage payments and any costs or fees related to the property. Once the Court enters a Final Judgment against the homeowner, the home is scheduled for auction.

3. During a legitimate, competitive foreclosure auction, participants interested in the property compete against each other. If the bidding exceeds a reserve amount set by the foreclosing financial institution, the highest bidder wins title to the property. For foreclosure auctions conducted in Palm Beach County, the proceeds from the auction are paid to the Palm

1

Beach County Clerk's office. Under Florida law, the County is entitled to fees related to administering the foreclosure auction. The Clerk's office deducts its fees and pays the remainder to the foreclosing financial institution, up to the Final Judgment amount. Subordinate lienholders can then file a claim to any surplus. After payment of the surplus to secondary lienholders (if any), the remaining funds are available to the homeowner.

4. In Palm Beach County, prior to January 21, 2010, foreclosure auctions were conducted by the Palm Beach County Clerk's office in-person at the Palm Beach County Courthouse. Beginning on January 21, 2010, the foreclosure auction process was changed from an in-person process to an online process. Each year since 2010, thousands of foreclosed properties in Palm Beach County have been auctioned through the online auction.

## DEFENDANTS AND CO-CONSPIRATORS

5. At certain or all times during the Conspiracy Period, beginning in or around January 2012 and continuing into or around June 2015, Defendant Avi Stern ("Stern") was associated with Company A, a Florida corporation. At certain times during the Conspiracy Period, Stern participated, either directly or through his agents, in the Palm Beach County online property foreclosure auction process.

6. At certain or all times during the Conspiracy Period, Defendant Stuart Hankin ("Hankin") was an officer of Company B, a Florida corporation. At certain times during the Conspiracy Period, Hankin participated, either directly or through his agents, in the Palm Beach County online property foreclosure auction process.

7. At certain or all times during the Conspiracy Period, Defendant Christopher Graeve ("Graeve") was an officer of Company B. At certain times during the Conspiracy

2

Period, Defendant Graeve participated, either directly or through his agents, in the Palm Beach County online property foreclosure auction process.

8. Various corporations and individuals, not made defendants in this Indictment, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

9. Whenever in this Indictment reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## COUNT ONE – CONSPIRACY TO RESTRAIN TRADE
### (15 U.S.C. § 1)
### (Stern, Hankin, and Graeve)

10. Each and every allegation contained in Paragraphs 1 through 9 of this Indictment is hereby re-alleged as if fully set forth in this Count.

### THE COMBINATION AND CONSPIRACY

11. During the Conspiracy Period, beginning in or around January 2012 and continuing into or around June 2015, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, and elsewhere, Defendants, and others known and unknown to the Grand Jury, entered into and engaged in a combination and conspiracy to suppress and eliminate competition by rigging bids and allocating the market for properties sold during online property foreclosure auctions in Palm Beach County, Florida, in unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

12. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendants, and between Defendants and their co-conspirators, the substantial terms of which were to rig bids and allocate the market for properties sold during online property foreclosure auctions in Palm Beach County, Florida.

MEANS AND METHODS OF THE CONSPIRACY TO RESTRAIN TRADE

13. For the purpose of forming and carrying out the charged combination and conspiracy, Defendants and their co-conspirators combined and conspired to, among other things:

   a. Attend meetings and engage in discussions by telephone, electronic mail, and text message regarding the market for properties sold during online property foreclosure auctions in Palm Beach County, Florida;

   b. Agree during those meetings and discussions which conspirator would be permitted to win a particular property or properties presented for auction;

   c. Agree during those meetings and discussions not to compete, or to stop competing, against each other;

   d. Agree during those meetings and discussions to lower existing bids in order to allocate properties among each other;

   e. Agree during those meetings and discussions to avoid competing with each other in certain geographic territories or neighborhoods;

   f. Submit bids or refrain from bidding during the online auctions consistent with the agreements made between Defendants and their co-conspirators;

   g. Purchase selected properties at public foreclosure auctions at prices they artificially suppressed; and

4

    h.    Conceal the existence of Defendants' conspiracy from:

        i.    financial institutions;

        ii.    secondary lienholders;

        iii.    defaulting homeowners;

        iv.    employees of the Palm Beach County Clerk's Office; and

        v.    others who relied on the integrity and competitive purpose of the auction process.

## TRADE AND COMMERCE

14.    During the time period covered by this Indictment, the business activities and online property foreclosure auctions on which Defendants and their co-conspirators conspired occurred within the continuous and uninterrupted flow of, and substantially affected, interstate commerce. For example:

    a.    A substantial number of the foreclosing financial institutions were located outside the state of Florida;

    b.    Out-of-state foreclosing financial institutions sent instructions regarding the foreclosures to law firms located in Florida;

    c.    Substantial proceeds, payments, and documentation from and relating to the sale of properties purchased by the Defendants pursuant to the conspiracy were transmitted from one state to beneficiaries located in other states;

    d.    Bidders for and purchasers of properties sold at the Palm Beach County foreclosure auction were located outside the state of Florida;

e. Bids were submitted via the internet on an auction platform run on servers located outside the state of Florida; and

f. A large number of the foreclosing financial institutions operated in interstate commerce and were federally insured, federally charted, and/or subject to federal regulation.

## JURISDICTION AND VENUE

15. The combination and conspiracy in this Count was formed and carried out, in part, within the Southern District of Florida within the five years preceding the return of this Indictment.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

[Remainder of page intentionally left blank]

A TRUE BILL

_____  
Makan Delrahim  
Assistant Attorney General  
Antitrust Division  
United States Department of Justice

_____  
Marvin N. Price  
Acting Deputy Assistant Attorney General  
Antitrust Division  
United States Department of Justice

_____  
Michelle O. Rindone  
Acting Director of Criminal Enforcement  
Antitrust Division  
United States Department of Justice

_____  
FOREPERSON

_____  
Lisa M. Phelan  
Chief, Washington Criminal I Section  
Antitrust Division  
United States Department of Justice

_____  
Paul T. Gallagher  
Samson Asiyanbi  
James W. Attridge  
Yusong Huang  
Trial Attorneys, Antitrust Division  
United States Department of Justice  
450 5th Street, N.W., Suite 11300  
Washington, DC 20530  
Tel: (202) 532-4570  
Fax: (202) 514-6525  
Paul.Gallagher2@usdoj.gov

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| AVI STERN, STUART HANKIN, and CHRISTOPHER GRAEVE, Defendants. _____/ | **CERTIFICATE OF TRIAL ATTORNEY*** <br><br> **Superseding Case Information:** |

**Court Division**: (Select One)

| | | New Defendant(s) | Yes _____  _____ |
|---|---|---|---|
| Miami _____ | Key West _____ | Number of New Defendants _____ | |
| FTL _____ | WPB  X  FTP _____ | Total number of counts _____ | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)      No
   List language and/or dialect     English

4. This case will take     6-10     days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                                       (Check only one)

   | I   | 0 to 5 days   | _____ | Petty   | _____ |
   |-----|---------------|-------|---------|-------|
   | II  | 6 to 10 days  |   X   | Minor   | _____ |
   | III | 11 to 20 days | _____ | Misdem. | _____ |
   | IV  | 21 to 60 days | _____ | Felony  |   X   |
   | V   | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No)     No
   If yes:
   Judge: _____      Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)     No
   If yes:   Magistrate Case No.     n/a
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of     n/a
   Defendant(s) in state custody as of _____
   Rule 20 from the _____
                                        District of _____

   Is this a potential death penalty case? (Yes or No) _____Yes   X  No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?     _____ Yes     X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?     _____ Yes     X  No

                                                                        _____ For:
                                                                        _____
                                                                        PAUL GALLAGHER
                                                                        TRIAL ATTORNEY, U.S. Dept. of Justice, Antitrust Division
                                                                        D.C. Bar No. 439701

*Penalty Sheet(s) attached                                                           REV.9/11/07

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** __AVI STERN__

**Case No:** _____

Count : 1

    15 USC § 1
    Conspiracy to Restrain Trade

**\* Max. Penalty:**  maximum 10 years' imprisonment; up to 3 years' supervised release; maximum $1,000,000 fine;

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __STUART HANKIN__

**Case No:** _____

Count : 1

       15 USC § 1
       Conspiracy to Restrain Trade

**\* Max. Penalty:**    maximum 10 years' imprisonment; up to 3 years' supervised release; maximum $1,000,000 fine;

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: __CHRISTOPHER GRAEVE__

**Case No**: _____

Count : 1

_____15 USC § 1_____
_____Conspiracy to Restrain Trade_____

\* **Max. Penalty**:   maximum 10 years' imprisonment; up to 3 years' supervised release; maximum $1,000,000 fine;

---

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

**BOND RECOMMENDATION**

DEFENDANT: AVI STERN _____

    Non-Surety Bond _____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
    AUSA:   PAUL GALLAGHER

Last Known Address: _____

    _____

    _____

What Facility:   _____

    _____

Agent(s):   _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: STUART HANKIN

    Non-Surety Bond
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____ for:
AUSA:  PAUL GALLAGHER

Last Known Address: _____

_____

_____

What Facility:   _____

_____

Agent(s):   _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NUMBER: _____

**BOND RECOMMENDATION**

DEFENDANT: **CHRISTOPHER GRAEVE** _____

       Non-Surety Bond
       (Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
      AUSA:   PAUL GALLAGHER

Last Known Address: _____

       _____

What Facility:    _____

       _____

Agent(s):    _____
      (FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE) (**OTHER**)